District Attorney Requests — Additional Staff Under 19 O.S. 215.15 [19-215.15] (1968), a District Attorney may hire certain employees to serve in one particular county and be paid from the funds of that county without being inconsistent with Section 19 O.S. 215.14 [19-215.14]. The Attorney General has had under consideration your letter dated June 6, 1968, in which you direct our attention to that part of 19 O.S. 215.14 [19-215.14] (1967), which provides: ". . . the salaries of all investigators, clerks, secretaries, stenographers, or other employees shall be paid by the counties in the district in the proportion which the population of each county in the district bears to the population of the entire district. . . ." (Emphasis added) And you further direct our attention to Section 215.15, which provides in relevant part as follows: ". . . The total number of the District Attorneys and Assistant District Attorneys and assistants, investigators, clerks and stenographer shall not exceed a number equal to the number of County Attorneys and Assistant County Attorneys, and assistants, investigators, clerks and stenographers, employed in the offices of County Attorneys in the counties within said district upon the effective date of this Act; provided, however, the District Attorney may employ additional assistants, investigators, clerks and stenographers, as he can establish the need for and the Board of County Commissioners of the county in which such additional employees will be serving, may approve. Each district shall, at the request of the District Attorney, have at least one District Investigator. . . ." You then state and inquire as follows: "In the event I am able to persuade the County Commissioners of Carter County (and they have already indicated to me that they would so approve) to allow me an additional secretary or stenographer, can I pay for this additional stenographer or clerk solely out of the general funds of Carter County? This would certainly appear to be the only fair and equitable solution as an additional employee of the nature described above would be utilized solely in Carter County and would not constitute a position that was available as of the effective date of the District Attorney's Bill. I believe the Board of County Commissioners of Carter County would have no objection to the payment of the full salary of this additional employee; and frankly, I have one or two counties in my district that simply cannot afford any additional expenses in the department of the District Attorney." Our problem here is created by the seeming inconsistency between Section 19 O.S. 215.14 [19-215.14], which provides that the salaries of "all" investigators, clerks, secretaries, etc., shall be paid on a proportionate basis by the various counties in a district, while Section 19 O.S. 215.15 [19-215.15] seems to indicate that certain additional personnel may be employed upon the approval of the Board of County Commissioners of the county in which such additional employees will be serving. The following language from the second paragraph of the syllabus of the opinion in the case of Rogers v. Oklahoma Tax Commission, Okl., 263 P.2d 409, is applicable to the construction of such conflicting statutory provisions: "In the construction of statutes, harmony, not confusion, is to be sought. The true rule is that when two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict." Our task here, then, is to attempt to give effect to both of said statutes without doing violence to either. It is the opinion of the Attorney General that same can be reconciled, and your question answered in the process, in the following manner: The legislature intended that each District Attorney appoint, initially, such assistants, investigators, clerks and stenographers as he deemed necessary for the performance of his duties, that the total number of such employees should not exceed a number equal to the total number of such employees employed in the offices of the County Attorneys in the counties within the district on the effective date of the Act relating to District Attorneys, and that the salaries of all of such initial employees should be paid on a proportionate basis by the counties in the district. It was the further intention of the legislature that District Attorneys have authority later to employ such additional personnel as they could establish the need for and the Board of County Commissioners of the county "in which such additional employees win be serving" might approve. Clearly this language from Section 215.15 contemplated that certain employees of the District Attorney might later be hired to serve in one particular county and that they would be paid from the funds of such county. (Charles L. Owens)